Argued and submitted April 1, 1987, affirmed April 6, reconsideration denied June 24, petition for review denied August 30, 1988 (306 Or 527)

# ALEXANDER,
*Appellant,*

*v.*

# RASK et al,
*Respondents.*

## (A8501-00393; CA A39854)

752 P2d 344

Keith S. Davidson, Portland, argued the cause and filed the brief for appellant.

Allan M. Muir, Portland, argued the cause for respondents. With him on the brief were Ridgway K. Foley, Jr., P.C., Jan K. Kitchel, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff appeals a judgment in favor of defendants Dr. Rask and Rask, P.C., in a medical malpractice action for injuries allegedly suffered as the result of defendant's negligence in extracting her wisdom teeth. We affirm.

Plaintiff was referred to defendant, an oral surgeon, for diagnosis and treatment of four impacted wisdom teeth. Before examination, she signed a general consent form that reads:

> "I have a general understanding of the nature and purpose of my medical treatment and contemplated operation(s), and I am generally aware that medical complications can occur. I acknowledge that no guarantee or assurance has been made relative to the results that may be obtained."

Plaintiff also received an information sheet, which defendant reviewed with her, entitled "What to Expect After the Surgical Removal of Teeth and Other Oral Surgery Procedures." Before surgery, she signed the sheet, which states in pertinent part:

> "A small percentage of extraction of teeth in the lower jaw is associated with numbness of the lower lip and/or tongue. The numbness occurs because the root of the tooth lies in close proximity to the nerve of the lower jaw. Occasionally, a portion of the tooth will be left to prevent undue damage to this nerve. The nerve involved is associated with feeling only and has no effect on eating, talking or your appearance. When numbness does occur, it is usually a temporary condition but may persisit [sic] for longer periods of time."

After the surgery, plaintiff had no feeling, other than a thick numb feeling, on the left side of her tongue and gum region. That condition continued for four months. Plaintiff eventually went to an oral surgeon at Oregon Health Sciences University Hospital, who discovered significant scar tissue and a severed lingual nerve in the area near where plaintiff's teeth had been removed. He repaired the nerve, but sensation did not return.

Plaintiff filed an action alleging malpractice, negligence by failure to warn, *"res ipsa loquitur"* and battery. Defendant moved for partial summary judgment on the punitive damages prayer on the battery claim and for directed verdicts on the issues of failure to warn and battery. The trial

court granted those motions, and the jury returned a verdict for defendant on the other claims.

■ Plaintiff's first assignment of error challenges the trial court's granting of defendant's motion for a directed verdict at the close of plaintiff's case on the battery claim. She argues that there was adequate evidence to support a verdict that defendant committed a technical battery by exceeding the scope of her consent in damaging her lingual nerve. However, an essential element of battery is intent to cause harm or offensive contact. *Brown v. Far West Federal Sav. and Loan Assn,* 66 Or App 387, 390, 674 P2d 1183 (1984). A surgeon may commit a technical battery if he operates on the wrong part of the body, because he *intends* to operate on that part. However, if he inadvertently cuts, he intends neither the harm nor the contact. The trial court was correct in granting defendant's motion for a directed verdict on the battery claim, because there was no evidence that defendant intended to touch or injure plaintiff's lingual nerve.

■ Plaintiff next assigns error to the trial court's refusal to give her requested "specialist" jury instruction. Defendant requested that the court give a version of UJI 105.01 in which "oral surgeon" is substituted for "physician." Plaintiff requested that the court give UJI 105.02, the so-called "specialist instruction," to ensure that the jury knew that defendant, as a specialist, was to be held to a higher standard of care than a dentist.[1] The court noted that either instruction would inform the jury that defendant was to be held to the standard of care of an oral surgeon in the community, rather than a dentist. The court concluded that UJI 105.01 would be less confusing and gave this instruction:

> "An oral surgeon has the duty to use that degree of care, skill and diligence which is used by ordinarily careful oral surgeons practicing in the same or similar circumstances in the same or similar community. A failure to use such care, skill, or diligence is negligence."

We conclude that the instruction was not error,

---

[1] The requested instruction reads:

"Physicians who are specialists in a particular field of medicine have the duty to use that degree of care, skill, and diligence which is used by ordinary careful specialists practicing in the same medical field and in the same or similar community. A failure to use care, skill, or diligence is negligence."

because it did inform the jury that the standard of care to which defendant was to be held was that of an oral surgeon. Unless a jury instruction could create an erroneous understanding of the law in the minds of the jurors which could affect the outcome of the case, a case should not be reversed on the basis of instructions. *Waterway Terminals v. P.S. Lord,* 256 Or 361, 370, 474 P2d 309 (1970). Here, the jurors were not given an erroneous understanding of the law, because it was clear from the instructions that defendant was to be judged against the community standard for oral surgery, his specialty.

■        In her third assignment, plaintiff contends that the court erred in granting defendant's motion for a directed verdict on her failure to warn count. A physician has a duty to warn if (1) the risk of injury inherent in the treatment is material, (2) feasible alternatives exist and (3) the plaintiff can be advised of the risks without risk to his or her wellbeing. *Getchell v. Mansfield,* 260 Or 174, 183, 489 P2d 953 (1971). If there is evidence tending to prove all those elements, the case should be submitted to the jury. *Getchell v. Mansfield, supra.* The court did not err, because there was no evidence that a permanent injury to the lingual nerve was a material risk of the extraction. Plaintiff's expert, Dr. Stanley, admitted on cross-examination that such an injury was not a material risk of the procedure. There was no evidence to contradict that discussion.

■        In her fourth assignment, plaintiff contends that the court erred in granting defendant a partial summary judgment on punitive damages. She contends that defendant's failure to use a barrier or retractor to protect the lingual nerve was a reckless act sufficient to support an award of punitive damages. Plaintiff's claim for punitive damages was, however, part of her battery claim that was properly dismissed as a matter of law and, accordingly, the court properly allowed the partial summary judgment.[2]

Affirmed.

---

[2] We find no merit in plaintiff's final assignment that the trial court erred in denying her motion for a new trial based on her belief that a witness had given false testimony.